# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALICE DENICOLA,<br>Plaintiff | : | No. 3:09cv423 |
| | : | |
| v. | : | (Judge Munley) |
| | : | |
| PROGRESSIVE DIRECT<br>INSURANCE COMPANY,<br>Defendant | : | |

## MEMORANDUM

Before the court for disposition is the plaintiff's motion to remand this insurance bad faith action. The matter has been fully briefed and is ripe for disposition.

**Background**

Plaintiff Alice Denicola was involved in an motor vehicle accident caused by another vehicle on November 7, 2004. (Doc. 1, Complaint ¶ 4). The person responsible for the accident was underinsured. (Id. ¶ 5). At the time, plaintiff had an automobile insurance policy issued by Defendant Progressive Direct Insurance Company which provided $250,000 in underinsured motorist coverage. (Id. at ¶ ¶ 7-8).

On July 22, 2005, plaintiff's counsel indicated to defendant that plaintiff intended to pursue an underinsured motorist claim and demanded arbitration. (Id. at ¶ 9). Plaintiff asserts that defendant delayed and obfuscated with regard to the arbitration, and failed to offer any settlement of the claim despite plaintiff's attempts to engage in negotiation. (Id. at ¶ 27). An arbitration hearing was finally held on April 27, 2007. (Id. at ¶ 25). At the hearing defendant "engaged in delay, cited fallacious excuses . . . and raised spurious defenses against plaintiff's lawful claim." (Id. at 31). Ultimately, an arbitration award of $500,000 was entered in plaintiff's favor. (Id. at 29). The award was molded to the $250,000 limit of plaintiff's

underinsured motorist coverage. (Id. at 30). Plaintiff asserts that the defendant insurance company's actions with respect to the claim amount to insurance bad faith under 42 PENN. CONS. STAT. ANN. § 8371 and instituted the instant one count action for bad faith in the Court of Common Pleas of Lackawanna County, Pennsylvania. Defendant removed the case to this court on March 6, 2009. (Doc. 1, Notice of Removal). Defendant asserts that this court has diversity jurisdiction over the case. (Id. ¶ 42). Plaintiff has filed motion to remand this case, bringing the case to its present posture.

**Discussion**

A defendant can generally remove a state court civil action to federal court if the federal court would have had original jurisdiction to address the matter. 28 U.S.C. § 1441. Once a case has been removed, we may remand it if we determine that we lack jurisdiction. 28 U.S.C. § 1447(c). The burden of establishing jurisdiction in the removal situation rests with the defendant. Meritcare, Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999).

In the instant case, the defendant asserts that this court has diversity jurisdiction. Pursuant to the diversity jurisdiction statute "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332. The parties do not dispute that the plaintiff and defendant are citizens of different states. Therefore, the only issue is whether the amount in controversy exceeds $75,000.

As noted above, the burden of establishing jurisdiction rests with the

defendant.  The defendant's burden is to establish that the plaintiff could in fact recover more than the jurisdictional amount.[1]  Frederico v. Home Depot, 507 F.3d 188, 195 (3d Cir. 2007).

In the instant case, the defendant has met its burden.  Defendant notes that as part of the damages under the bad faith claim, the plaintiff can receive interest on the amount of the claim from the date that the claim was made by the insured.  In the instant case, that amount could exceed $40,000.  (Doc. 1, Notice of Removal at ¶ ¶ 29-30).

Additionally, the Pennsylvania Bad Faith statue allows for attorney's fees, and the potential for such fees must be considered in determining the amount in controversy.  Suber v. Chrysler Corp., 104 f.3d 578, 585 (3d Cir. 1997).  Defendant's Notice of Removal cites to many bad faith cases where the attorney's fees were substantial and exceeded the $75,000 jurisdictional threshold.  (Doc. 1, Notice of Removal ¶ 29).

---

[1]The defendant's burden depends on whether the plaintiff's complaint specifically limits the amount in controversy. In cases where the plaintiff's complaint does limit the amount in controversy to a sum below the jurisdictional threshold, for a proper removal, the removing party must prove to a legal certainty that the amount in controversy exceeds the statutory threshold. Frederico v. Home Depot, 507 F.3d 188, 195 (3d Cir. 2007).

Where the plaintiff's complaint does not specifically limit the amount in controversy below the jurisdictional threshold, the case must be dismissed or remanded if it appears to a legal certainty that the plaintiff cannot recover more than the jurisdictional amount of $75,000. Id. Therefore, in this situation the defendant must establish that the plaintiff could in fact recover more than the jurisdictional amount.  In the instant case, the plaintiff's complaint does not limit the amount of damages sought to below the jurisdictional amount, therefore, we apply the second, less stringent standard.

Finally, plaintiff's complaint makes a claim for punitive damages. "If appropriately made . . . a request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." Golden ex rel. Golden v. Golden, 382 F.3d 348, 354 (3d Cir. 2004). Here, the Pennsylvania Bad Faith statute allows for the award of punitive damages, thus, the claim is "appropriately made" and this weighs in favor of finding that the amount in controversy exceeds the jurisdictional threshold.

**Conclusion**

The defendant has met its burden to establish that the amount in controversy exceeds the $75,000 jurisdictional threshold. When the damages sought by the plaintiff are examined, including interest, attorney fees and punitive damages, it is clear that the plaintiff could recover more than the jurisdictional amount. The motion to remand will be denied.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALICE DENICOLA, : No. 3:09cv423
    Plaintiff :
: (Judge Munley)
  v. :
:
PROGRESSIVE DIRECT :
INSURANCE COMPANY, :
    Defendant :
:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

    **AND NOW**, to wit, this 16th day of June 2009, the plaintiff's motion to remand (Doc. 5) is hereby **DENIED**.

                            **BY THE COURT:**

                            **s/ James M. Munley**
                            **JUDGE JAMES M. MUNLEY**
                            **United States District Court**